IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHONY WEIMER,<br><br>    Plaintiff,<br><br>vs.<br><br>GOOGLE LLC.; MICROSOFT CORPORATION,<br><br>    Defendants. | CV 21-78-M-BMM<br><br><br>ORDER |

Plaintiff Anthony Weimer ("Weimer") sues Defendants Google, LLC. ("Google") and Microsoft Corporation ("Microsoft") for their alleged role in allowing access to pornographic and obscene images on the internet. (Doc. 7 at 5.) Microsoft and Google filed motions to dismiss. (Docs. 17 & 23.) The Court held a hearing on the motion to dismiss on January 10, 2022. (Doc. 53.)

## BACKGROUND

Weimer alleges that from 2001 to present, Google and Microsoft have managed Interactive Computer Services and have acted as Information Content Providers. (Doc. 7 at 5.) Weimer claims that, in that role, Google and Microsoft have distributed or assisted in the distribution of obscene material in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962,

-1-

and the Communications Decency Act ("CDA"), 47 U.S.C. §§ 230-31. (*Id.*) Weimer seeks damages of over $785,000,000 and an injunction requiring Google and Microsoft to comply with the CDA Section 231.

*Prior Litigation*

On April 26, 2018, Weimer filed a prior complaint in this Court naming Google, Microsoft, the Federal Communication Commission, and the U.S. Department of Justice as Defendants. *Weimer v. Google Inc.*, et al., 9:18- CV-00078-DLC-JCL. Weimer claimed that Microsoft and Google had permitted minors to access "adult content without age verification or adult content warnings." *Id.*, Doc. 1. When prompted to list the federal constitutional or statutory rights being violated Weimer identified the First Amendment of the United States Constitution and numerous statutes related to the distribution of obscene materials, including the CDA. Weimer identified the time period of the alleged offense as "the approximate year of 2001-2002 and through to present time." *Id.* Weimer stated the following alleged facts to support his claim:

> I navigated Google and Microsoft products, in the World Wide Web, to view pornographic content under the age of 18, 17 and 16. I was near criminally charged for what I perceive to be an agency of the U.S. DOJ from illegal and unlawful entrapment.

*Id.*

Microsoft and Google filed to dismiss that prior complaint. *Id.*, Docs. 12 & 16. On August 17, 2018, United States Magistrate Judge Jeremiah Lynch entered findings and recommendations advising that the Court should grant Microsoft and Google's motions to dismiss the prior case. *Id.*, Doc. 43. Judge Lynch determined that, even if Weimer's prior complaint had stated a cognizable claim against Microsoft and Google, CDA Section 230 would "preclude liability" from Weimer's claims. *Id.* at 10-13. On August 30, 2018, Weimer filed objections to Judge Lynch's findings. *Id.*, Doc. 44.

On October 24, 2018, the Court adopted Magistrate Judge Lynch's findings and recommendations in full, granting Microsoft's motion to dismiss. *Id.,* Doc. 51. After reviewing Plaintiff's objections liberally and the related issues de novo pursuant to 28 U.S.C. § 636(b)(1)(C), the Court confirmed that 47 U.S.C. § 230 provides Google and Microsoft immunity against Weimer's claims. *Id.*

The Ninth Circuit affirmed the Court's dismissal after de novo review on November 16, 2020. *Id.*, Doc. 49-1 at 1-2. The Ninth Circuit stated that "even assuming [Weimer] stated a plausible claim against [Microsoft and Google], they are immune under the Communications Decency Act." *Id.* at 2.

## ANALYSIS

**I.     Claim preclusion**

Microsoft and Google move to dismiss this case under theories of claim preclusion, failure to state a claim, and lack of subject matter jurisdiction. (Docs. 17 & 23.) The Court agrees with Microsoft and Google that Weimer's claim is barred by claim preclusion, and, therefore, does not analyze Defendants' other theories for dismissal.

"Claim preclusion, or res judicata, applies where: (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Central Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002). Claim preclusion prevents plaintiffs from harassing defendants with "repetitive actions based on the same claim." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995).

The same parties in this suit were involved in, or in privity to, Weimer's prior litigation. Weimer was plaintiff in the prior suit, Microsoft was a defendant, and Google, LLC is the successor corporation to Google, Inc., which was a defendant (*See* Doc. 24 at 6.) Weimer argues that the parties have changed, because he no longer sues the Federal Communication Commission and the U.S. Department of Justice. Claim preclusion does not hinge on complete uniformity of all parties in the prior lawsuit. Claim preclusion requires only uniformity between the party or privy raising the defense of claim preclusion and the party or privy against whom that

claim preclusion defense is being raised. *See, e.g.*, Restatement (Second) of Judgments § 19 (1982).

Weimer's current suit presents the same cause of action as did his prior litigation. Weimer argues that this current suit presents new legal claims because Weimer now alleges violations of RICO. Whether a case presents the same cause of action does not depend on whether the plaintiff relies upon precisely the same legal theory. Whether claim preclusion applies depends instead on "whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 714 (9th Cir. 2001) (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)) (emphasis added).

Weimer's current claims arise out of the same set of facts as his first claim. In both cases, Weimer alleges that Microsoft and Google assisted in or distributed pornographic and obscene material on the internet. Weimer alleges that his injuries occurred over the same timeframe and he seeks nearly identical relief. The crux of the litigation once again comes down to the application of CDA Section 230. Weimer's action in adding a RICO claim fails to overcome claim preclusion. Weimer's RICO claims "could have been asserted, whether they were or not, in a prior suit between the same parties [. . .] on the same cause of action." *Id.* (quoting *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1988).

The current suit seeks to relitigate similar issues alleged in the first litigation. Weimer states in his current Complaint that this suit is, in effect, a challenge of the prior proceeding:

> In April 2018, Plaintiff, Anthony Weimer, filed in Montana district court, Missoula division, a civil action against the above named Defendants for violations of sections 230-231 of the CDA that caused personal injury. The above named Defendants moved to dismiss the action bypassing the claim to their unrestricted curated distribution of adult material (obscene matter, i.e. hardcore pornography) while such material is not within the protections secured by section 230 immunity. The Defendants working in these activities destroyed Weimer's official business in the Montana district court and Ninth Circuit court of appeals, and continues to cause injury to Weimer's character property traits of duty.
>
> Injurious evidences of Defendants to Weimer's official court business is of official court record. *Id.*

(Doc. 7 at 5.) Weimer cannot relitigate his prior claims in this Court because he claims to be injured by the prior judgment. Weimer's proper course of action, if he disagreed with this Court's decision in the prior litigation, was to appeal that decision. Weimer appealed. Wiemer cannot now relitigate the same cause of action he lost on appeal simply by adding a statutory claim that he could have raised previously. *See Owens,* 244 F.3d at 714.

Finally, this Court's dismissal of Weimer's prior case for failure to state a claim constitutes a "final judgment on the merits." *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002). The Ninth Circuit affirmed this Court's prior judgment upon appeal. *Weimer v. Google Inc.*, et al., 9:18- CV-00078-DLC-JCL.

Docs. 61 & 63. The three prongs of claim preclusion have been met, and Weimer's cause of action is thus barred. The Court will grant Defendants' motions to dismiss.

## II.   Motion for Clarification

The Court addressed Weimer's motion for clarification (Doc. 44) during oral argument. The Court explained in detail how cases are assigned and distributed in the District of Montana, with particularity regarding Weimer's current lawsuit. The Court will not explain further and will dismiss Weimer's motion.

For the reasons set forth above, it is hereby **ORDERED** that:

1. Microsoft's Motion to Dismiss (Doc. 17) is **GRANTED**.

2. Google's Motion to Dismiss (Doc. 23) is **GRANTED**.

3. Plaintiff's Motion for Clarification of Court Order (Doc. 44) is **DENIED**.

4. The Court will not consider any further filings—including motions for reconsideration—in this action unless they relate to Weimer's ability to appeal the Court's decision. Any further filings in this action that do not relate to Weimer's ability to appeal the Court's decision will be denied.

5. The Clerk of Court will enter Judgment accordingly.

DATED this 31st day of January, 2022.

_____
Brian Morris, Chief District Judge
United States District Court